CHARLES WILLIAMS, Executor of Last Will of THOMAS F. ACKERMAN, v. JOHN G. WEBER, Public Administrator, and ELLA M. KELLERMAN et al.; LOWELL CLINE et al., by I. A. ROLLINS, Guardian *ad Litem*, Appellants.

### Division One, June 1, 1917.

**HEIRS: Children of Deceased Adopted Child.** Under the Statute of Descents (Sec. 332, R. S. 1909) declaring that the estate of a decedent shall go, "first, to his children, or their descendants," an adopted child who dies prior to the death of the adopting parent stands in the same relation of heirship to the estate possessed by the adopting parent at the time of his death that a natural and lawfully born child would occupy under similar circumstances; and the children of such adopted child, who died before her adopting parents, take the same estate which their mother would have taken had she survived her adopting parents.

Appeal from St. Louis County Circuit Court.—*Hon. John W. McElhinney*, Judge.

REVERSED AND REMANDED (*with directions*).

*J. C. Kiskaddon, W. H. Hill* and *Joseph G. Williams* for appellants.

(1) The natural children of an adopted child who pre-deceased its adopting parents, are the heirs of such adopting parents of all property of which such adoptive parents died seized or possessed. Bernero v. Goodwin, 184 S. W. 74. In addition to the cases not cited in the above cited case we cite the following: Humphries v. Davis, 100 Ind. 274; Barnes v. Allen, 25 Ind. 226; Krug v. Davis, 87 Ind. 590; Warren v. Prescott, 84 Maine, 483; Ross v. Ross, 129 Mass. 243, 266; Sewall v. Roberts, 115 Mass. 262; Batchelder v. Walworth, 82 Vt. 7; Barnes v. Barnes, 132 Fed. 485; Gillian v. Guaranty Co., 186 N. Y. 127. (2) There being no residuary devise in the will of Thomas F. Ackerman, a devise of personal property of which said testator died possessed to a person who died before the death of the testator, leaving no heirs, is a lapsed legacy and goes to the heirs of the testator. R. S. 1909, sec. 546; Bramble v. Adams. 146 Mo. 88; Mortin v. Lachasse, 47 Mo. 593. (3) Such lapsed legacy goes to the heirs of the testator whether in his will said testator devised other property to said heirs or not. McQueen v.

Lilly, 131 Mo. 9. (4) If, however, Susan Ackerman, the devisee of said personal property, joined with her husband in the execution of the deed of adoption, and then pre-deceased her husband, leaving no heirs, either lineal or collateral, unless the children of her adopted daughter may be considered such heirs, then the legacy did not lapse, but as she died intestate, what would have gone to her had she survived her husband, goes to the natural children of her adopted daughter. R. S. 1909, sec. 546.

*Henry J. Higgenbottom, B. L. Matthews* and *Stevens & Stevens* for respondents.

(1) Under the law of descent of this State, where one heir inherits a share in an estate which his deceased parents would have inherited, he inherits not from the latter, but directly from the intestate. Barnum v. Barnum, 119 Mo. 67; Records v. Fields, 155 Mo. 325; Heady v. Kraus, 203 Mo. 119; Wardenbarger v. Payne, 162 Mo. App. 436; Hockaday v. Lynn, 200 Mo. 470. Conversely, where one dies leaving a widow and a child and the child dies, the widow inherits the property from the child as its heir. Lynn v. Williams, 68 Mo. 360. Sec. 332, R. S. 1909, does the same thing for the grandchildren of an intestate that section 546 does for the grandchildren of a testate: the latter makes the child of a deceased parent an original legatee of the grandfather and the former makes him an heir taking in his own right directly from the intestate, by virtue of their propinquity of blood. Wardenbarger v. Payne, 162 Mo. App. 434. (2) The word "kindred," in our Statutes of Descent and Distribution, means "relatives by blood." Hockaday v. Lynn, 20 Mo. 466; R. S. 1909, sec. 332; Bramell v. Adams, 146 Mo. 70; Clarkson v. Hatton, 143 Mo. 47; Jarboe v. Hay, 122 Mo. 354. The right of inheritance is purely statutory and he who claims a share in the inheritance must point to the law which transmits it to him. Goldstein v. Hammell, 236 Pa. St. 309. The statutes of adoption being in derogation of the common law, are strictly construed as against the adopted child. Sarazin v. Railroad, 153 Mo. 485; Beach v. Bryan, 155 Mo. App. 50; Furgeson v. Jones, 17 Ore. 204; Baker v. Clowser, 43 L. R. A. (N. S.) 1056; Thomas v. Maloney,

142 Mo. App. 197. The general statutes of inheritance are modified and set aside by statutes regulating the effect of adoption, only so far as there is some specific provision in the statutes of adoption inconsistent with the application in such cases of the general inheritance statutes. Like an invading force upon a hostile domain, the adoption law prevails only so far as its lines extend. Beyond those limits all remains under the original control. Baker v. Clowser, 43 L. R. A. (N. S.) 1056; In re Jobson, 164 Cal. 312, 43 L. R. A. (N. S.) 1065. (3) The Missouri statute of adoption is silent as to the children of adopted children. Laws 1856-7, p. 59, secs. 1-4; R. S. 1865, p. 478, secs. 1-4; R. S. 1879, secs. 599-602; R. S. 1889, secs. 968-971; R. S. 1899, secs. 5246-5249; R. S. 1909, secs. 1671-1674; Beach v. Bryan, 155 Mo. App. 53. Where the statute is silent, since nothing can be supplied except by inexorable implication, the right of inheritance must be determined by the Statute of Descent and Distribution and against the children of the deceased adopted child. Phillips Estate, 17 Pa. Superior Ct. 103; Goldstein v. Hammell, 236 Pa. St. 305; Reinders v. Koppelmann, 68 Mo. 482; Hockaday v. Lynn, 200 Mo. 456; Clarkson v. Hatton, 143 Mo. 47.

BOND, P. J.—I. On February 28, 1887, Thomas F. Ackerman and Susan Ackerman, his wife, legally adopted a child whom they named Mary. She afterwards married one Ira C. Cline, and of this marriage seven children were born, two of whom died in infancy; the other five who survived their mother are designated herein as the Cline heirs.

After the death of his adopted daughter Mary, Thomas Ackerman executed his last will and testament by which he bequeathed to each of the Cline heirs one dollar; to his wife Susan all of his personal property, absolutely, with a life estate in all real estate of which he might die possessed, with remainder over to the children of his sister, Elizabeth Perkins. His wife was named as executrix and Charles Williams named in her stead in case of her death or inability to act. She having died before her husband, his will as originally drawn was duly

probated on November 28, 1908, Charles Williams quali-
fying as executor.

During the course of the administration of the es-
tate, John G. Weber, administrator of the estate of
Elizabeth Perkins, deceased, represented the interests of
the heirs of said Elizabeth Perkins, Benjamin C. Lindsay
claimed by right of purchase the interests of the heirs
of James Ackerman, deceased, brother of the testator,
and the Cline heirs presented their claims as heirs and
legatees. One Alice Otter also presented a claim for
services, which was allowed and paid, and a further claim
by right of gift of a certain note for $1600, together with
two interest notes for $45 each, secured by a deed of trust.

When the executor presented his accounts for final
settlement, the court found the amount in which the ex-
ecutor was indebted to the estate, but having been of
counsel, refused to order distribution on account of the
above adverse claims to said fund. Thereupon the execu-
tor filed this bill in equity in the circuit court and prayed
that the several claimants be compelled to interplead. The
decree so ordered and commanded executor Williams to
pay the fund of $11,239.47 into court.

Thereafter interpleas were duly filed and the court,
having taken the case under advisement, rendered judg-
ment against the Cline heirs and Alice Otter, and ordered
the clerk of the court to pay one-half of the fund to inter-
pleader John G. Weber, as administrator in charge of the
estate of Elizabeth Perkins, deceased, and one-half to in-
terpleader Benjamin C. Lindsay. The Cline heirs and
Alice Otter appealed separately.

II. There being no dispute as to the facts in this
case, the main issue presented resolves itself into a ques-
tion of law: whether the children of an adopted child, who
died before her adopting parents, can take under the stat-
ute of descent the same estate which their mo-
ther would have taken had she outlived her
adopting parents?

Heirs:
Children
of Adopted
Child.

This question is determinable by a consid-
eration of the first clause of the statute of de-
scents, viz., "First to his children, or their descendants"

(R. S. 1909, sec. 332), which has been interpreted in Bernero v. Goodwin, 267 Mo. 1. c. 454 et seq., to include, under the terms "to his children" in the first subdivision thereof, an adopted child as well as a natural child. It necessarily follows from that ruling that the alternative terms of said statute, viz., "or their descendants," likewise embrace the children of an adopted, as well as a natural child. Hence in case of the death of an adopted child prior to the death of the adopting parent, such child stands in the same relation of heirship to the estate possessed by the adopting parent at the time of his or her death, that a natural and lawfully born child would occupy under similar circumstances. Applying this principle to the facts in the instant case, the result is that the Cline children, whose mother was lawfully adopted both by Thomas F. Ackerman and his wife Susan, are entitled to inherit the undisposed estate of either of her adopting parents at the time of their respective deaths, just as if they were natural and lawful grandchildren of the adopting parents of their mother. There was no residuary clause in the will of Thomas F. Ackerman; neither did his wife Susan Ackerman make any testament. It follows that the personal estate which was devised absolutely to his wife under the will of Thomas F. Ackerman, descended, upon the death of his wife, to the Cline children as the lawful "descendants" of Mary Cline, the adopted daughter of the deceased wife. The decision in the Benero case had not been rendered when this cause was submitted to the learned circuit judge. Under the authority of that case, the judgment against the Cline heirs is reversed and the cause remanded with directions to enter a judgment in their favor for the amount of the estate now subject to distribution. It is so ordered. All concur.