In re ESTATE of SAMUEL CUPPLES; MAUDE CUPPLES SCUDDER, GLADYS CUPPLES SCUDDER and MARTHA CUPPLES OVERALL v. EDWARD KOELN, Collector of the Revenue, Appellant.

### Division One, December 3, 1917.

1. **INHERITANCE TAX: Children of Adopted Child.** The words "legally adopted children" found in Sec. 309, R. S. 1909, providing that "all property which shall pass by will, or by the intestate laws of this State, other than to or for the use of the father, mother, husband, wife, legally adopted children, or direct lineal descendants of the testator, shall be and is subject to the payment of a collateral inheritance tax," was intended by the Legislature to except from the tax, not only legally adopted children, but the descendants of such children, and the tax cannot be assessed upon bequests to such descendants.

2. ———: ———: **Words of Limitation.** The words "legally adopted children," used in the Collateral Inheritance Tax Act, are not words of limitation, used for the purpose of excluding them from the classification of natural children, but were meant to place them in the same class as the natural children of testator or intestate, and the children of such "legally adopted children" in the same class with his "direct lineal descendants."

3. ———: **Construction of Statute.** A collateral inheritance tax must be imposed in clear and unambiguous words, and exceptions will be liberally construed in connection with the whole body of the law upon the subject of which it treats.

4. ———: ———: **Kindred Statutes.** The Collateral Inheritance Tax Statute, in a proceeding to assess the tax against children of testator's legally adopted child, will be construed in connection with the statutes relating to the adoption of children and those regulating descents and distributions of estates of decedents, upon which it depends largely for its operation, and is, to that extent, a part.

5. ———: ———: ———: **Children of Adopted Child: Heir: Classified as Natural Children.** The statute relating to the adoption of children (Sec. 1671, R. S. 1909) makes a child legally adopted by deed an heir of the adopting parent, with all the incidents of that relation, including the incident of the transmission of the inheritance upon the death of such child; and the Statute of Descents

272 Mo.—30

and Distributions (Sec. 332, R. S. 1909) makes no distinction between such an adopted child and a child by birth, but includes the adopted child in the general designation of children, and his or her descendants in the general designation of the descendants of children.

6. ———: ———: **Descendant.** The word "descendant" used in the statute declaring that a collateral inheritance tax cannot be imposed on the "direct lineal descendant of the testator" includes the lineal descendants of testator's legally adopted child, and cannot be limited to its common law definition, since that has, as has the definition of the word "child," been enlarged by statute to include persons who did not fall within that definition.

7. ———: **Collateral Kindred: Title to Act.** Neither an adopted daughter nor her children are collateral inheritors, but direct heirs. The title of the act being "an Act to tax collateral inheritances, legacies, gifts and conveyances in certain cases," and as under the Constitution the subject of the act must be clearly expressed in its title, the act cannot be held to impose a tax on a legally adopted daughter or her children, who, by the statutes relating to the adoption of children by deed and the statutes relating to descents and distributions, are not collateral inheritors, but, for purposes of inheritance, are "direct legal descendants" of the adopting parent.

Appeal from St. Louis City Circuit Court.—*Hon. Thomas L. Anderson,* Judge.

AFFIRMED.

*Orville M. Barnett* and *Ernest A. Green* for appellant.

(1) Respondents herein, as the daughters of Mrs. Scudder, are not exempt from Missouri inheritance tax by reason of the fact that they are children of an adopted child of testator. In order for the children of Mrs. Scudder to be exempt from an inheritance tax they must come within one of the following classes: First, legally adopted children of Samuel Cupples; or, second, direct lineal descendants of Samuel Cupples. (2) The mere fact that the Scudder children were daughters of an adopted child does not make them "adopted children" and, *a fortiori,* does not make them the "legally adopted children" refered to in Sec. 309, R. S. 1909. Clarkson v. Hatton, 143 Mo. 55; Hockaday v. Lynn, 200 Mo. 461; Beach v. Bryan,

155 Mo. App. 50; Sarazen v. Railway Co., 153 Mo. 485. As Samuel Cupples neither complied with the statute of adoption with reference to the Scudder children, nor even attempted to do so, it cannot be seriously contended that they come within the term "legally adopted children." (3) The Scudder children by virtue of Mr. Cupples's adoption of their mother are not "direct lineal descendants" of Mr. Cupples. Mrs. Scudder is not a lineal descendant of Mr. Cupples. 1 Cyc. 934; Hockaday v. Lynn, 200 Mo. 456; Reinders v. Koppelmann, 68 Mo. 496; 2 Bouvier, p. 260; Walker v. Walker, 25 Ga. 429. Lineal descendants of a person have a general right of inheritance both from the lineal ancestor and from his collaterals; on the other hand, an adopted child is uniformly held to be unable to inherit from the collateral kindred of its adopted parents, the ancestors of such parents or the natural children of such parents. Merritt v. Morton, 143 Ky. 133; Van Matre v. Sankey, 148 Ill. 536; Meader v. Archer, 65 N. H. 214; Phillips v. McComca, 59 Ohio St. 1; Sunderland's Estate, 60 Iowa, 732; Helms v. Elliott, 89 Tenn. 446.

*John H. Overall* for respondents; *Frederick N. Judson,* of counsel.

(1) A child adopted in compliance with the statutes will inherit the property of the adopting parent the same as if born of such adopting parent in wedlock. Secs. 1671, 1673, R. S. 1909; Fosburg v. Rogers, 114 Mo. 122; Moran v. Stewart, 122 Mo. 295; Hockaday v. Lynn, 200 Mo. 456. (2) The children of an adopted child inherit the property of the adopting parent the same as if they are his natural grandchildren. Bernero v. Goodwin, 267 Mo. 427 Healey v. Simpson, 113 Mo. 340; Power v. Hafley, 85 Ky. 671; Atchison v. Atchison, 89 Ky. 488; Gray v. Holmes, 57 Kan. 217; Pace v. Klink, 51 Ga. 220; Humphries v. Davis, 100 Ind. 274. (3) Section 309 exempts from its provisions legally adopted children and direct lineal descendants. (a) The term "legally adopted children" includes the children of such. Estate of Williams, 62 Mo. App. 349 (cited with approval in Johnson v. Autriker, 205 Mo. 247); Humphries v. Davis,

100 Ind. 274. (b) The term "direct lineal descendants," includes the children of an adopted child; they are in line of descent through command of the statute the same as if that line had been established by nature. We thus distinguish between lineal descendants by birth and statutory lineal descendants. Bernero v. Goodwin, 267 Mo. 427; In re Matter of Cook, 187 N. Y. 261; Webb's Estate, 250 Pa. St. 179; Sec. 332, R. S. 1909; Fosburg v. Rogers, 114 Mo. 122; 25 Cyc. 1442; Levi v. McCarten, 31 U. S. 102; Estate of Winchester, 140 Cal. 469; Warren v. Prescott, 84 Me. 483; Walker v. Walker, 25 Ga. 429; In re Woolworth's Estate, 85 Vt. 322. (4) The collateral inheritance tax, since it imposes a special burden upon particular persons and property and is not in any proper sense a general tax, should be strictly construed in favor of the citizen. Eidman v. Martinez, 184 U. S. 578; Matter of Enston, 113 N. Y. 174; In re Stewart, 131 N. Y. 27; 27 Ency. Law, p. 340; Blakemore & Bancroft on Inheritance Taxes, sec. 241; In re Starbuck's Estate, 116 N. Y. Supp. 1030; Matter of Mergentine, 129 App. Div. (N. Y.) 367; English's Estate v. Crenshaw, 120 Tenn. 531.

BROWN, C. —This is a proceeding begun in the probate court for the city of St. Louis for the assessment of the collateral inheritance tax against the interest of the three respondents in the estate devised and bequeathed to them by Samuel Cupples, deceased. The amount of the interest of each was found to be $172,253.96, and the tax demanded against each was $8,612.70. The probate court held these testamentary interests to be exempt from such taxation. The matter was appealed by the respondents to the circuit court for the city of St. Louis, where the action of the probate court was reversed, and judgment entered accordingly. A motion for a new trial was sustained, and the collector has appealed to this court from that order.

The facts are that in 1871 Samuel Cupples and wife adopted by deed made in accordance with the statute of this State in such cases, Amelia Ross Lowman (who had come to them as a child in 1868), with the consent

of her parents evidenced by their joining in the deed. The child's name was changed from Lowman to Cupples and she grew up in the Cupples family, was married in 1885 to William H. Scudder, Jr., and became the mother of the three respondents, who lived in the Cupples family. Mr. Cupples characterized Mrs. Scudder in his will as my beloved daughter, and made an affidavit in which he stated that she had "always been our dutiful, obedient and affectionate daughter."

The income of the trust property only was to be paid to the beneficiaries during the first four years of the trust, and then one-fourth of the principal each year until all should be paid. All payments of principal and interest were to be contingent upon the benficiary being alive at the time of the distribution—otherwise the share to go elsewhere.

The question presented is whether or not the children of an adopted child of the testator are required to pay the collateral inheritance tax imposed by Section 309, Revised Statutes 1909, upon their respective legacies. The provisions of that section applicable are the following: "All property which shall pass by will, or by the intestate laws of this State . . . other than to or for the use of the father, mother, husband, wife, legally adopted children, or direct lineal descendant of the testator . . . shall be and is subject to the payment of a collateral inheritance tax of five dollars for each and every one hundred dollars of the clear market value of such property, and at and after the same rate for every less amount, to be paid to the collector of revenue of the proper county, and for the purpose of this article, the city of St. Louis shall be affected through its corresponding officers as if it were a county." The question depends entirely upon the legislative purpose in using the words "legally adopted children" in the provision quoted. If they were used for the purpose of making plain the intention that legally adopted children were to be classified with natural children of the testator or intestate in respect of their rights under the statutes of descents and distributions, then it is plain, as we shall presently see more

*Children of Adopted Child.*

clearly, that their descendants would come within the description of descendants of their adopted parent. If, on the other hand, these words were used as words of limitation, for the purpose of excluding them from that description, by the mention of their adopted parent, a contrary result would follow. In the consideration of that question we will be aided by certain general principles, too well settled to be open to discussion.

The Collateral Inheritance Tax Statute is not a general revenue law founded upon the provision of the State Constitution requiring that taxation shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax, but "is a bonus or duty levied upon the right or privilege of the devisee, heir or distributee, for receiving his share." [State er rel. v. Henderson, 160 Mo. 190, l. c. 215; State ex rel. v. Switzler, 143 Mo. l. c. 329; In re. Remme's Estate, Maguire v. University, 271 Mo. l. c. 363.] Such taxation must be imposed in clear and unambiguous terms, and exceptions will be liberally construed in connection with the whole body of the law upon the subject of which it treats. [Blakemore & Bancroft on Inheritance Taxes, sec. 241; 27 Am. & Eng. Ency. Law, 340; Eidman v. Martinez, 184 U. S. 578; Matter of Enston, 113 N. Y. 174; In re Starbuck's Est., 116 N. Y. S. 1030.] This leads us to an examination of the statutes relating to the adoption of children, as well as to those regulating descents and distributions of the estates of decedents, upon which it depends largely for its operation, and is, to that extent, a part.

The statute authorizing the adoption of children rests upon an element in the human character which manifests itself in the desire for children—for some one to nurture and cherish as one's own flesh and blood, and to make return for such offices by bringing affection and comfort to one's old age. This is well illustrated in the case at bar. The three children by birth of the testator died in childhood, and the adopted child took their place and filled it so well that nearly forty years afterward he wrote of her in his will as his beloved daughter and took occasion in an affidavit, made for that purpose, to

testify to her filial virtues. It is plain that such benefits are ill requited by a system which would make no provision for her children and would leave them at the mercy of an accident of intestacy.

The first section of the statute under which she was adopted (R. S. 1909, sec. 1671) is as follows: "If any person in this State shall desire to adopt any child or children as his or her heir, it shall be lawful for such person to do the same by deed, which deed shall be executed and acknowledged by the person adopting such child or children and recorded in the county of the residence of the person executing the same, as in the case of conveyance of real estate." It is to be noted that under this section he adopted the "child" as his own "heir." These words have a broad meaning and include, under the Statute of Descents and Distributions then and now in force, the transmission of the faculty of inheritance by her death. That this is true has become the settled doctrine of this court. [Williams v. Rollins, 271 Mo. 150; Bernero v. Goodwin, 267 Mo. 427.] The next section imposes upon the adopting parent the duty and upon the child the right to the nurture, treatment and protection of a daughter by birth. The Statute of Descents and Distributions made no distinction between her and a child by birth, but included her in the general designation of children, and her descendants in the general designation of the descendants of children. [R. S. 1909, sec. 332.]

As this court said in State ex rel. v. Henderson, supra, "the right of the Legislature to prescribe the right of descent and inheritance cannot be doubted. It is not a natural right." The word heir, "in its strict and technical import applies to the person or persons appointed by law to succeed to the estate in case of intestacy." [Bouv., Law Dict., Title, Heir, and cases cited.] Upon the execution of the deed of adoption the child became a person appointed by law to receive a child's share of the estate in case of intestacy. For all purposes of inheritance from the adopting parent the adopted child is a statutory descendant of the adopting parent. It is upon this principle that the words "children and their de-

scendants,'' as used in the Statute of Descents and Distributions, have been held by us to include adopted children and their descendants. It is the plain intent of the Legislature that the intervention of the child by adoption does not break the course of descent from the ancestor.

That the use of the word ''children'' in a will may, and whenever the intention of the testator seems to indicate it does include the descendants of a deceased child, has long been the settled doctrine of this court. [Peak v. Peak, 195 S. W. 993, and cases cited.] One of the cases so cited (Guitar v. Gordon, 17 Mo. 408) is interesting on this question.

The particular words used in the exception in the collateral inheritance tax statute, and which we must construe here, are as follows: ''Other than to or for the use of the father, mother, husband, wife, legally adopted children, or direct lineal descendant of the testator.'' A learned and ingenious argument is made by the appellant upon the technical meaning of the word ''descendant'' in the above clause, the common law definition of which includes only those proceeding in direct line by birth from the ancestor. This becomes unimportant when we consider that the same play was once made upon the definition of the words ''child'' and ''children.'' The common-law definition of ''child'' in its connection with the right to inherit, only included those begotten of the bodies of persons in lawful wedlock. The meaning of this word has been so modified by statute as to include those legally adopted by persons married or unmarried. The same legislative power that made this change may include in the designation of the descendants those heirs in the line passing through the newly erected child and heir. In fact the word descendant, when applied to inheritance, includes those and those only who take by the law of descents in the descending line. Like the word ''children,'' it must bow to its own statutory definition.

The title of this act so far as it relates to the matter in issue here is as follows: ''An act to tax collateral inheritances, legacies, gifts and conveyances in certain cases.'' That the subject of the act must be clearly expressed in its title is certain, and it seems equally certain

that neither the adopted child nor her children come within the description of collateral inheritors. In Estate of Winchester, 140 Cal. 469, the Supreme Court of that State said: "The act under which the taxes were imposed by the court below in its title relates to 'collateral inheritances, bequests and devises' only, and under the provisions of the Constitution its effect must be limited to the subjects just described. This would exclude successions or bequests to children and grandchildren, whether adopted or not, for clearly they are not collateral, but in a direct line."

. It is unnecessary to further discuss the question from this standpoint. We have only referred to it to direct attention to the controlling effect of the provision of the Statute of Descents and Distributions in the interpretation of the statute under consideration. The law of inheritance is the creature of this statute, and the taxation of inheritances is founded upon it, and the description of the inheritance to which it applies or does not apply must necessarily stand upon that foundation and be interpreted from that standpoint. Of itself it creates no inheritance. When adopted children were made heirs under the designation of *children*, no change in the law of descents became necessary, but these *children* took their place automatically by that name in the descending line and they and their descendants have ever since inherited in that line from the adopting ancestors. [Fosburgh v. Rogers, 114 Mo. 122; Hockaday v. Lynn, 200 Mo. 456.]

Had the taxing statute omitted all reference to adopted children and exempted only the "direct lineal descendants of the testator," its effect would be plain. The Statute of Adoption places the adopted child next in the line of descent from the ancestor, of whom, for the purpose of inheritance, he becomes the child and heir, with all the incidents of those relations, including the incident of transmission of the inheritance by his death, and the children of the adopted one would stand in the same line of descent as their parent. Thus far the question has been firmly settled by the Williams

and Bernero cases, supra; but it is contended by appellant that the mention of adopted children in the tax law excludes all other inheritors under the adoption law.

To charge these grandchildren with this special tax requires that the legislative intention so to do should be plainly expressed, and in ascertaining the intention of the Legislature the same simple rules of construction are applicable which we applied in the Williams and Bernero cases. The word children may, whenever reason requires it, be construed to include their descendants. We think that rule is peculiarly applicable in this case. All the reasons which may be given for the exception of the adopted daughter seem to us to be applicable to her children, and a fair view of the clause we have quoted on which our decision depends indicates to our mind that "legally adopted children" were mentioned, not with a view to deprive their children of any advantage to which they would be entitled were the words "legally adopted" omitted, but were inserted for the opposite purposes of indicating that legally adopted children were not to be omitted from the category of descendants. [Estate of Winchester, supra; Matter of Cook, 187 N. Y. l. c. 261.]

These two cases are squarely in point here. Both were proceedings for the collection of collateral inheritance taxes under statutes similar to our own. The New York statute provided that when the legacy was "for the use of any . . . child . . . or any child or children adopted as such . . . or to any lineal descendant of such decedent born in lawful wedlock" it should be exempt from taxation.

The California statute exempted property going "to or for the use of . . . lawful issue . . . or any child or children adopted as such . . . and lineal descendant of such deceased born in lawful wedlock." The exception was held to apply to children of the adopted child in both cases. Under our own statute we have reached the same conclusion.

For the reasons stated the order sustaining the motion for a new trial is affirmed.

Railey, C., concurs.

PER CURIAM:—The foregoing opinion of Brown, C., is adopted as the opinion of the court. All of the judges concur.