In the Matter of the Estate of THEODORA G. LEVY, Deceased.

Surrogate's Court, New York County, March 28, 1927.

*M. S. & I. S. Isaacs*, for the executors.

*Albert Gross* and *Paul Daly*, special guardians.

O'BRIEN, S. In this executors' accounting a question of construction of the will comes up for decision. Testatrix died September 27, 1925. In her will she gave several legacies to charitable institutions, divided her jewelry equally between her two daughters, Marjorie J. Klee and Rosalie L. Caron, and then provided by the 7th paragraph as follows: "All the rest, residue and remainder of my estate, both real and personal, and wheresoever situated, I give, devise, and bequeath, in equal shares, to such of my grandchildren as shall survive me." Testatrix at the time of her death left one grandchild of her blood, Pierre Ernest Caron, a son of her daughter Rosalie L. Caron. On March 27, 1926, about six months after testatrix's death, another child was born to said daughter and named Suzanna Dora Caron. Testatrix's other daughter, Marjorie J. Klee, prior to the execution of the will, to wit, on or about May 12, 1922, had adopted a son known as Kenneth Benjamin Klee, who survived the testatrix. The question presented concerns the distribution as to the testatrix's " grandchildren as shall survive me." Is her residuary estate to go to Pierre Ernest Caron, the only grandchild of her blood living at the time of her death? Or shall the distribution include Suzanna Dora Caron, another grandchild of the blood, who was born after the death of the testatrix?

or, thirdly, shall the residuary estate be divided into three parts and include Kenneth Benjamin Klee, the adopted child of Marjorie J. Klee? I hold that the residuary estate should be divided equally among the two grandchildren of the blood, to wit, Pierre Ernest Caron and Suzanna Dora Caron, and the grandchild through adoption, Kenneth Benjamin Klee. The grandchild Suzanna Dora Caron was *en ventre sa mere* at the time of the death of testatrix and is to be considered in being so as to entitle her to a share in this residuary estate. (*Matter of McEwan*, 202 App. Div. 50; affd., 234 N. Y. 557.) Under the provisions of section 114 of the Domestic Relations Law (as amd. by Laws of 1925, chap. 608), adopted children are given the same rights as natural children, but the test of the status of adopted children in connection with the construction of wills is to be determined by the intention of the testator. (*Matter of Hoyt*, 120 Misc. 188; *Matter of Cotheal*, 121 id. 665.) In both these cases it was held that the term " issue " was not used so as to include an adopted child by reason of the particular facts in each case presented. However, upon the whole record in this case I am convinced that testatrix intended to include in the distribution and under the terms " grandchildren as shall survive me " her grandchild by adoption. The facts leading to this conclusion are, primarily, the use of the plural " grandchildren; " whereas at the time of the execution of the will, April 24, 1924, there was actually living but one grandchild of the blood and said grandchild by adoption and (2) testimony adduced upon the hearing which confirmed this view of testatrix's mind with respect to her daughter's adopted son. I, therefore, hold that the distribution of the residue directed in paragraph 7 should be made in equal shares to the two grandchildren of the blood and the grandchild by adoption.

Submit decree on notice construing the will accordingly and settling the account.