Joseph J. HAYES, Jr., Marie Alexis Hayes Sturges, Sarah Adele Hayes, and Robert Magnor Hayes, Hayes Sturges, Walter Knight Sturges, Jr., Frances Gibbes Wheeler, and Heneage Gibbes Wheeler, Jr., Individually and As Representatives of the Class to Which They Belong and of All Those Not Now in Existence Who May in the Future Become Members of That Class and of All Those Not Now in Existence Who May in the Future Have an Interest Under the Will of Joseph M. Hayes, Deceased, Marie Hayes Sturges, Lawrence Morris Sturges, Thomas Rush Sturges, Peter Sturges, and David Morris Sturges, Infants, Individually and As Representatives of the Class to Which They Belong and of All Those Not Now in Existence Who May in the Future Become Members of That Class and of All Those Not Now In Existence Who May in the Future Have an Interest Under the Will of Joseph M. Hayes, Deceased, by Walter Knight Sturges, Jr., Their Next Friend; Louise Betts Hayes, an Infant, Individually and As Representative of the Class to Which She Belongs and of All Those Not Now in Existence Who May in the Future Become Members of That Class and of All Those Not Now in Existence Who May in the Future Have an Interest Under the Will of Joseph M. Hayes, Deceased, by Robert Magnor Hayes, Her Next Friend, Plaintiffs-Respondents,

v.

ST. LOUIS UNION TRUST COMPANY, a Corporation, As Trustee Under the Will of Joseph M. Hayes, Deceased, Florence Agnes Hayes Wheeler, Individually and as Trustee Under the Will of Joseph M. Hayes, Deceased, Sarah McC. Hayes, Defendants-Respondents,

Mary Celeste Hayes Atchinson, Individually and As Representative of the Class to Which She Belongs and of All Those Whether in Existence or Not Who May in the Future Become Members of That Class, Michael Stubbs, a Minor, by Doris Banta Pree, Guardian ad litem, Individually and As Representative of the Class to Which He Belongs and of All Those Whether Now in Existence or Not Who May in the Future Become Members of That Class, Defendants-Appellants.

No. 44586.

Supreme Court of Missouri.

Division No. 1.

June 13, 1955.

Motion for Rehearing and to Transfer to Court en Banc Denied July 11, 1955.

Doris Banta Pree, St. Louis, guardian ad litem for appellant Michael Stubbs, a minor. Carter, Bull & Baer, St. Louis, of counsel.

Richard S. Bull, Edward W. Tobin, St. Louis, for appellant Mary Celeste Hayes Atchinson.

McDonald & Wright, Thomas F. McDonald, C. Havard Perkins, St. Louis, for respondents.

WESTHUES, Judge.

This is a suit seeking the interpretation and construction of a will.

On September 30, 1915, Joseph M. Hayes, a widower, executed his last will leaving his property in trust for the benefit of his eight children then living or their survivors. The trust was to terminate at the death of his last child. The income of the trust estate was to be paid to his children and in case of the death of a child, the share of such child was to be paid to his or her descendants. The testator died January 14, 1919. On December 23, 1921, one of testator's sons, Joseph Jerome Hayes, and his wife Sallie, adopted a child who is the defendant Mary Celeste Hayes Atchinson. Joseph Jerome Hayes and his second wife, Rosalind, had a child born of lawful wedlock, Joseph J. Hayes, Jr., who is a plaintiff. The adopted child (Mary Celeste Hayes Atchinson) has a child living, Michael Stubbs, who was named as a defendant. Joseph Jerome Hayes, testator's son, died on May 27, 1952. The defendant St. Louis Union Trust Company and a daughter of the deceased, Florence Agnes Hayes Wheeler, were named as trustees of the will of Joseph M. Hayes.

The question is, shall the trustees pay the income, that is, the share of Joseph Jerome Hayes, deceased, to his son, Joseph Jerome Hayes, Jr., or shall such income be equally divided between Joseph Jerome Hayes, Jr., and the adopted child, Mary Celeste Hayes Atchinson? A further problem is, what interest, if any, does Michael Stubbs, the son of the adopted daughter, have in the estate?

The trial court entered a decree to the effect that the adopted child and her son have no interest in the estate. From that judgment, the adopted daughter, Mary Celeste Hayes Atchinson, individually and as representative of the class to which she belongs and all those whether now in existence or not who may in the future become members of that class, and Michael Stubbs, a minor, by Doris Banta Pree, Guardian Ad Litem, individually and also as representative of his class, appealed.

The trust estate at the time of trial was valued at over $1,000,000. At the time of testator's death, there were six children living; two had died without children or descendants.

The will in question, omitting Sections 2, 4, 5, 6, 7 which have no bearing on the issues to be decided, and two codicils executed on the dates indicated read as follows:

. "Being at the present time in good health, and of sound and disposing mind and memory, but mindful of death, I, *Joseph M. Hayes,* of the City of St. Louis and State of Missouri, do make and publish this as and for my last will and testament; hereby revoking any and all other wills and codicils thereto by me at any time heretofore made:

"*Section One:* I hereby direct my executors, hereinafter appointed, to pay first out of my estate all of my just debts, the expenses of my last illness, and funeral expenses. 

\* \* \* \* \* \*

"*Section Three:* All the rest and residue of my estate, real, personal and mixed, and wheresoever situated, left after satisfying the foregoing provisions of this will, I give, devise and bequeath to the St. Louis Union Trust Company and my daughter, Florence Agnes Hayes, in the City of St. Louis, Missouri, as joint trustees, in trust, for the equal and pro rata benefit of my eight children now living, or their heirs and survivors, respectively, which

said eight children are, Sarah Adele Hayes, Marie Alexius Hayes Sturges, Joseph Jerome Hayes, George Hayes, Louis Lee Hayes, Florence Agnes Hayes, Edith T. Hayes Dolan and Robert Magnor Hayes; and upon, to and for the following uses, purposes and trusts, that is to say: Said trustees shall take charge and possession of said rest and residue of my estate, collect the income, rents; issues and profits thereof and therefrom, and after deducting all proper and legal charges and expenses incident to the management of said property and the execution of the trusts herein and hereby created, dispose of the net income from said trust property as follows, that is to say: Said net income shall be divided and distributed in equal shares, *per stirpes,* among my surviving children and the descendants of any deceased child or children of mine. And each of such surviving children, and each of the descendants of a deceased child of mine, shall receive or have used for his or her benefit, as hereinafter provided, his or her share of said net income during his or her natural life, or until his or her share of the principal of said trust estate shall have been distributed to him or her,—*subject, however,* to diminution of said income on account of advancements to him or her as hereinafter provided. To each one of my children except my daughters Florence and Sarah, I have made certain advancements during my lifetime. I may hereafter make further advancements to any of my children. All advancements which I have already made I have entered in an account book kept for that purpose, and have charged the same against the children to whom they have been respectively made. All future advancements which I may make will be entered in such account book. I direct that all advancements made to any child be charged against his or her share in my estate, and I direct that said book be taken as conclusive evidence of such advancements.

"To each one of my daughters, Sarah and Florence who shall marry after my death, said trustees shall pay out of the principal of said trust estate the sum of Two Thousand Dollars ($2,000.-00), and such amounts shall not be charged against their respective shares.

"This trust shall continue and endure until the death of the last surviving child of mine, when the principal of and accumulated and undistributed income from said trust estate shall be divided in *equal shares* among my grandchildren then living and the descendants of any deceased grandchild who may leave descendants then living, such descendants of any deceased grandchild taking the share which his, her or their said deceased parent would have taken if living, and in such final distribution no advancements made to any child of mine shall be charged against his or her descendants; *provided, however,* that the share of any such descendant who at the time may be a minor shall be held for him or her until he or she shall have reached the age of majority. During the existence of the trust, if if any of the beneficiaries entitled to share in the distribution of the income shall be a minor, the trustees shall have the power to distribute to the guardian of such minor, or for such minor's use and benefit, such portion or all of the latter's share of the net income as the trustees or their survivor may think it for his or her benefit to so distribute, and the remainder of such undistributed share of the income shall be held and invested by the trustees for the benefit of such beneficiary until his or her majority.

"All payments of income shall be in monthly instalments as nearly equal as practicable and as nearly on the first day of the month as may be found convenient.

\*　\*　\*　\*　\*　\*

"In Testimony Whereof I have hereunto set my hand and seal, in the said City of St. Louis, this 30th day of September, 1915, to this my last will, comprising, with the certificate of the witnesses thereto, five typewritten pages on each of which I have signed my name.

"Jos. M. Hayes"

(Attestation and signatures of witnesses omitted)

The first codicil reads as follows:

"I, Joseph M. Hayes, of the City of St. Louis and State of Missouri, do make, publish and declare this as and for a codicil to my last will and testament, which document was executed by me on the 30th day of September, 1915, in the presence of John F. Shepley, Harry G. Schaefer and R. C. Wafer, that is to say:

"First: In Section Three of my said will I have devised and bequeathed my residuary estate in trust for my children and have directed that in the distribution among them of the net income therefrom each child be charged with any advancements made to him or her during my lifetime and recorded in a book kept by me for that purpose. To make more clear my intention regarding said advancements, I direct that the trustees ascertain from said book the aggregate amount of all advancements to my children living at my death or who may have died leaving one or more descendants surviving me; calculate five percent (5%) of such amount; add each year to the annual net income from the said residuary estate for said year said five percent of said advancements; divide the sum resulting from said addition into as many parts as there may be at the time children of mine living and children of mine who have died leaving one or more descendants then living; and subtract from the part or portion of each child to whom or to whose descendants such part or portion is to be distributed, five percent (5%) of the aggregate amount of said advancements to such child to whom

or to whose descendants such part is to be distributed.

"Second: I direct and prescribe that if any child of mine or a descendant of any deceased child of mine shall resist the probate of my will or any codicil thereto, or shall bring any action or proceeding to contest the validity of said will or any provision thereof or any codicil thereto, such child or such descendant of any deceased child of mine shall receive nothing under the provisions of said will or any codicil thereto; and such action on the part of such child or descendant of a child shall annul any provision of said will in his or her favor.

"In Testimony Whereof, I have hereunto set my hand and seal to this, a codicil of my last will and testament, comprising with the certificate of witnesses hereto, two typewritten pages, on each of which pages I have signed my name, at the City of St. Louis, Missouri, this 2nd day of November, 1917.

"Joseph M. Hayes"

(Attestation and signatures of witnesses omitted)

The second codicil reads as follows:

"I, Joseph M. Hayes, of the City of St. Louis and State of Missouri, do make, publish and declare this as and for a second codicil to my last will and testament, which instrument was executed by me on the 30th day of September, 1915, in the presence of John F. Shepley, Harry G. Schaefer and R. C. Wafer, as witnesses, that is to say:

"In Section Three of my said will I devised and bequeathed my residuary estate to trustees therein named, for the benefit of my children, prescribing that a share of the net income derived from said trust estate be paid to my son George during his lifetime. I now decree and direct that if Sarah McC. Hayes, wife of my said son George,

shall survive me she shall receive during her lifetime one-third (⅓) of the amount of net income which would be paid to my son George during his lifetime under said provision of my last will; provided that if she shall at any time procure a divorce from my said son, or having survived him shall remarry, her said share in said net income shall be no longer paid to her, but shall lapse to my said son George, if living, or if not, to the other beneficiaries under said will, in the proportions determined thereby.

"In all respects except as modified by this codicil and by a prior codicil bearing date the 2nd of November, 1917, I hereby ratify and confirm all the provisions of said last will.

"In Testimony Whereof, I have hereunto set my hand and seal, to this, a codicil to my last will and testament, consisting, with the certificate of witnesses hereto, of two typewritten pages, on each of which I have signed my name, at the City of St. Louis, Missouri, this 14th day of December, 1918.

"Jos. M. Hayes."

(Attestation and signatures of witnesses omitted)

■■■ The cardinal rule in the construction of wills is that the intention of the testator must be ascertained, if possible. 69 C.J. 52, Sec. 118; Trautz v. Lemp, 329 Mo. 580, 46 S.W.2d 135. In case the meaning of the provisions of the will is such as to create an uncertainty or doubt as to the intention of the testator, the surrounding circumstances and the law may be considered in arriving at the true intention. St. Louis Union Trust Co. v. Hill, 336 Mo. 17, 76 S.W.2d 685, loc. cit. 686–689(5) (6); Heard v. O'Dell, 335 Mo. 202, 72 S.W.2d 491, loc. cit. 494, 495(1).

■■ With the above rules in mind, we shall examine the will in question for the purpose of arriving at the intention of the testator. We shall also keep in mind that the prime question is whether the

adopted child of Joseph Jerome Hayes, a son of testator, is included within the terms of the will. In examining the will, we note that in the forepart of Section Three the testator expressed in general terms what disposition should be made of his property. Note that the property was devised to the trustees for the benefit of his eight children then living or *"their heirs and survivors."* (Emphasis ours.) Clearly the adopted daughter in question comes within the language so expressed. An adopted child is an heir of his adoptive parents. The will expressly says "their heirs" meaning thereby the heirs of testator's children which includes the adopted daughter of Joseph Jerome Hayes. Brock v. Dorman, 339 Mo. 611, 98 S.W.2d 672, loc. cit. 674, 675(3, 4).

■ The testator in Section Three named his eight children and directed the trustees as to the management of the trust property. One of these directions was with reference to net income. There the testator said, "Said net income shall be divided and distributed in equal shares, *per stirpes,* among my surviving children and *the descendants* of any deceased child or children of mine. And each of such surviving children, and *each of the descendants* of a deceased child of mine, shall receive or have used for his or her benefit as hereinafter provided, his or her share of said net income during his or her natural life, or *until his or her share of the principal of said trust estate shall have been distributed to him or her."* (Emphasis ours.) Under that language, the adopted child was included. At the time the will was executed, an adopted child under the Missouri law was a descendant of its adoptive parent. In re Cupples' Estate, 272 Mo. 465, 199 S.W. 556, loc. cit. 558(10); Williams v. Rollins, 271 Mo. 150, 195 S.W. 1009; Bernero v. Goodwin, 267 Mo. 427, 184 S.W. 74.

The testator in his will by the language above set forth in effect said that the share of the income of his son Joseph Jerome, after the son's death, should be paid to the son's descendants which included the adopted child, until *his or her share* of the principal shall have been distributed to *him or her.* In the final part of Section Three, the testator directed that the trust shall continue until the death of the last surviving child and in so far as material to this case, the will provided that after the death of the last child, the "trust estate shall be divided in *equal shares* among my grandchildren then living and the descendants of any deceased grandchild who may leave descendants then living, * * * and in such final distribution no advancements made to any child of mine shall be charged against *his or her descendants."* (Emphasis ours.) Special attention should be given to the fact that the testator, in the last part of the above-quoted provision of the will, said "his or her descendants" meaning his children's descendants.

■ Plaintiffs-respondents on this appeal rely greatly on the words "grandchildren" and "grandchild" and argue that the use of those words by the testator indicated that he meant to include as beneficiaries of the will only those who were of the testator's own blood. To do this it would be necessary to say by the designation "grandchildren" in the last part of Section Three of the will that the testator meant to say "lineal descendants" in other parts of the will when, in fact, the testator said "descendants." It would also require an interpretation of the word "heirs" as employed by the testator to mean "heirs of the body." The testator employed the words "descendant" or "descendants" many times in the body of the will and not once did he preface them with "lineal." Not only that, not once did he refer to the descendants as "my descendants" but always as the descendants of his children. It will also be noted that in the codicils the word "lineal" was not used with the words "descendant" or "descendants." In the case of Trautz v. Lemp, supra, 46 S.W.2d loc. cit. 140, 141(8–15), cited by plaintiffs, this court en banc pointed out that the testator whose will was before the court for interpretation employed the words *"lineal* descendants." (Emphasis ours.) The court also said, 46 S.W.2d loc. cit. 139, that a testator

is presumed to know the law. Had the testator in the case now before us intended to limit his estate to his lineal descendants, he could have employed the word "lineal" or have limited the remainder after the life estate to his children and the heirs of the body. We must be governed by what the testator said in his will. Brock v. Dorman, supra, 98 S.W.2d loc. cit. 675(5).

A rule of construction frequently applied is that "the intention of the testator is to be determined from the will as a whole." 69 C.J. 104, Sec. 1153. Applying that rule to the will of Joseph M. Hayes and giving the ordinary legal meaning to the terms used in all parts of the will, we have concluded that the adopted child of Joseph Jerome Hayes is included. For such a construction, we need not limit the meaning of the words "descendants" or "heirs." The word "grandchildren" may include an adopted child. In this case, the testator, in stating the general purposes of his will, by using the word "heirs," included the adopted child. To be consistent, therefore, we must hold that the word "grandchildren" included the adopted child in question. In re Levy's Estate, 138 Misc. 670, 245 N.Y.S. 710; Batchelder v. Walworth, 85 Vt. 322, 82 A. 7, loc. cit. 10(3), 37 L.R.A.,N.S., 849. In Dulfon v. Keasbey, 111 N.J.Eq. 223, 162 A. 102, the court held the word "grandchildren" included an adopted child of testator's son, but the court held that testator limited the legatees to his blood kin by the use of the words "lawful issue." The same is true of the case of Fidelity Union Trust Co. v. Hall, 125 N.J.Eq. 419, 6 A.2d 124.

We have interpreted this will according to the law as it was when the will was executed. However, we may take into consideration the fact that after the 1917 Adoption Act (now Chapter 453, RSMo 1949, V.A.M.S.) became effective, the testator added two codicils. In one of these, he again used the word "descendants" in making reference to the descendants of his children. In the codicil of December 14, 1918, the testator said, "In all respects except as modified by this codicil and by a prior codicil bearing date the 2nd day of November, 1917, I hereby ratify and confirm all the provisions of said last will." There is respectable authority to the effect that a will speaks from the time a codicil, which has been made a part of the will, is executed. Especially is this true where a testator has, as in this case, reaffirmed the provisions of his will. 68 C.J. 868, Sec. 586; Harvy v. Chouteau, 14 Mo. 587 [Reprint 411].

The above rule has been applied in cases where statutes were changed after the date of the original will and before the date of the execution of a codicil. 68 C.J. 871, Sec. 590. If the rule were applied to this case, that is, that the will be interpreted in accordance with the 1917 Adoption Act, supra, the result in this case would be that the adopted child would be included in the will. St. Louis Union Trust Co. v. Hill, supra, 76 S.W.2d loc. cit. 689(6); Robertson v. Cornett, 359 Mo. 1156, 225 S.W.2d 780, loc. cit. 784, 785(7–10); Wailes v. Curators of Central College, 363 Mo. 932, 254 S.W.2d 645, 37 A.L.R.2d 326.

This court in the above case reviewed and considered many authorities from other jurisdictions. Considering the fact that the codicils were executed after the 1917 Act was passed as a circumstance in determining the intention of the testator, we find it supports our conclusion that the adopted child was included in the will. We have read and considered the authorities cited by respondents. We have cited a number in the opinion. Some of these cases lend support to appellants' contentions. After a full consideration of the law and the terms of the will, it is our conclusion that the adopted daughter should share in the income and principal of the estate the same as the lineal descendants. It also follows that the son of the adopted daughter, in the event the contingency arises, should also share in the estate.

The judgment of the trial court is therefore reversed and set aside with directions to the trial judge to enter a decree in conformity with this opinion. It is so ordered.

All concur.