IN THE MATTER OF THE ESTATE OF
ROMALIA WHEATLEY,
Deceased

Probate No. 19-1958
District Court of the Virgin Islands
Div. of St. Thomas and St. John

July 31, 1959

*See, also, 174 F. Supp. 868*

LEON P. MILLER, ESQ., United States Attorney, Charlotte Amalie, Virginia Islands, *for The Government of the Virgin Islands*

DUDLEY, HOFFMAN AND MCGOWAN, Charlotte Amalie, Virgin Islands (GEORGE H. T. DUDLEY, ESQ., of counsel), *for the Estate*

GORDON, *Judge*

The question involved in this estate at the present time is whether Rose Marie Wheatley, legitimate daughter of Orthniel Wheatley, adopted by the deceased Romalia Wheatley and her husband, is subject to inheritance tax of two per cent or fourteen per cent.

On April 19, 1958, Romalia Wheatley died leaving a Last Will and Testament as well as a Codicil, in which she devised and bequeathed certain real and personal property to Rose Marie Wheatley. A statement for inheritance tax purposes was filed in the estate showing a distributable balance of $81,154.90, due to Rose Marie Wheatley, and in which her relationship is shown as "adopted granddaughter of the decedent".

This is a case of first instance under the inheritance tax law, which poses the question as to whether Rose Marie Wheatley is entitled to preferential tax treatment as a "descendant " of Romalia Wheatley. There is agreement that Camille Orthniel Wheatley was adopted by the decedent and her husband, and, as such, he is entitled to preferential tax treatment as an adopted son. If it is held that Rose Marie Wheatley comes within the definition of a "descendant" or "lineal relative" of the decedent, then she will be entitled to preferential tax treatment of two per cent. If not, she will be required to pay fourteen per cent.

■ Adoption as such was unknown to the common law, as we find in 1 American Jurisprudence, page 622, to wit:

"The right of adoption, while known to the ancients of Greece and Rome, and probably to other ancient peoples, and while practised among many of the continental nations under the civil law from the remotest antiquity, was unknown to the common law of England, and exists in this country in those jurisdictions having that law as the basis of their jurisprudence, only by virtue of statute."

Therefore, a resort must be had to the adoption statute as well as the inheritance tax law in arriving at a determination of the question.

The Virgin Islands Code, Title 16, section 146, provides as follows:

"(a) *A child adopted under the provisions of this chapter is deemed, for the purpose of inheritance and all other legal consequences and incidents of the natural relation of parents and children, the child of the parents by adoption, the same as if he had been born to them in lawful wedlock,* except that he is not capable of taking property expressly limited to heirs of the body or bodies of the parents by adoption, nor property from the lineal or collateral kindred of such parent by right of representation. (Italics supplied)

(b) The natural parents of such child are deprived by a decree under section 145 of this title of all legal rights as respects the child, and the child is freed from all obligations of maintenance and obedience as respects his natural parents."

The Inheritance Tax Law reads as follows:

"§ 1. Tax on inheritances to and from lineal relatives

"A tax of 2% is hereby imposed on inheritances exceeding $200 which fall from husband to wife, from wife to husband, *from ascendants to descendants* or from children to parents." (Italics supplied) (Title 33, Virgin Islands Code, section 1, page 3)

"§ 2. Tax on inheritances to brothers and sisters

"A tax of 8% is hereby imposed on inheritances exceeding $100 which fall to brothers and sisters and their issue, irrespective of their being sole heirs or inheriting jointly with one of their parents." (Title 33, Virgin Islands Code, section 2, page 4)

"§ 3. Tax on inheritances to distant relatives and strangers

74

"A tax of 14% is hereby imposed on inheritances exceeding $100 which fall to persons other than those mentioned in sections 1 and 2 of this title." (Title 33, Virgin Islands Code, section 3, page 4)

There is a lack of uniformity in the decisions as to whether a child born to a decedent's adopted child has the status of a "lineal descendant" of the decedent within the provisions of the inheritance tax laws. 28 American Jurisprudence, section 307.

The first question to be resolved is what is a "descendant"? In Harlan v. Citizens Nat. Bank of Danville, Ky., 251 S.W.2d 284, 286, (12 Words and Phrases, page 328), we find —

"A 'descendant' is one who descends as offspring, however remote, as opposed to ancestor and antecedent."

And again, in Minshall v. Berryhill, 205 Pac. 932, 83 Okl. 100 (12 Words and Phrases, page 330),

"Descendant means as an individual proceeding from an ancestor in any degree; issue; offspring, near or remote; the offspring of an ancestor; progeny."

In re Hewett's Estate, 13 So.2d 904, 906, 907, 153 Fla. 137 (12 Words and Phrases, page 329),

"A 'descendant' is one who descends, as offspring, however remotely, or an individual proceeding from an ancestor in any degree."

"The word descendant carried a concept of offspring in the line of generation but in a particular connection and as result of legislation it has been held that the word is not limited to blood relationship."

Hoellinger v. Molzhon, N.D., 41 N.W.2d 217, 220, 19 A.L.R.2d 1147 (12 Words and Phrases, page 328).

"As observed above (§ 1(b), supra), the courts in Maryland, Missouri, and New York have held that under statutes granting inheritance tax benefits, a child adopted by a decedent is the decedent's 'lineal descendant'." (51 A.L.R.2d, page 857.)

The next question is whether a natural child of an adopted son is a "descendant" of his adoptive parent.

In Connor v. O'Hara, the Maryland court stated that:

"It was said to be inconceivable that the legislature would exempt an adopted child from the inheritance tax, but would make him incapable of transmitting inheritance from his adopting parents to his natural children, or would regard his children as bastards for tax purposes. The court said that children of a child are lineal descendants of the child's parents; that for inheritance tax purposes, an adopted child is a child of the adopting parent; and that it followed from this that children of an adopted child are 'lineal descendants' of the adopting parent."

In re Cupples' Estate (1917) 272 Mo. 465, 199 S.W. 556, the court held that:

"Adopted children were heirs of the adopting parent, and that they and their descendants inherit in the descending line from the adopting ancestor."

In re Cook's Estate (1907) 187 N.Y. 253, 79 N.E. 991, the court held:

"That a child born to a testator's adopted child was the testator's 'lineal descendant' within the meaning of a statute granting an exemption from inheritance taxation to 'any lineal descendant' of a decedent, said that the tax exemption statute was to be read in connection with the statute governing the effect of adoption, the latter statute operating to make the child by adoption and his heirs the same in every respect affecting inheritance or succession as an actual child and his heirs. A lineal descendant, it was said, is one who is in the line of descent from a certain person, but in view of the provisions of the adoption statute, not necessarily in the line of generation; the line of descent it was said, is the course that property takes according to law when the owner dies, and by force of the adoption statute that course is the same in the case of adopted children that it is in the case of natural children. The legislature was said to have placed adopted children in the line of descent from the adopting parent just as they would have been had the line of descent been established by nature, and this relationship had been extended by the legislature to the right of inheritance, not only as between the adopting parent and the adopted child, but also as between the children of the adopted child and the adopting parent."

■■ A reading of our present adoption statute clearly indicates the intention of the legislature to imbue or clothe an adopted child with all the legal consequences and incidents surrounding a natural born child "the same as if he had been born to them (the adoptive parents) in lawful wedlock". This being the case, it necessarily follows that children of an adopted child are descendants of the adoptive parents by force of the statute. This conclusion would seem to be inescapable under the existing adoption statute. I, therefore, find that Rose Marie Wheatley is a descendant of Romalia Wheatley, deceased, and that the rate of inheritance tax on her inheritance is two per cent in accordance with Title 33, Virgin Islands Code, section 1.

An order to this effect will be entered upon presentation.

