LOUIS BERNERO, An Infant, by His Curatrix, LO-
RAINE T. BERNERO, Appellant, v. THERESA
L. GOODWIN et al.

#### Division Two, March 31, 1916.

1. **ADOPTED CHILD: Right of Heirs to Inherit.** If an adopted child dies during the life of its adopting parent, leaving children, such children inherit as grandchildren upon the death of such adopting parent intestate.

2. ————: ————: **Statute.** Section 1671, Revised Statutes 1909, providing that a person may, by deed, "adopt any child or children as his or her heir," by the use of the word "heir," and section 332, providing that the estate of an intestate shall descend "to his children, *or their descendants*," mean that the child of an adopted child who dies during the lifetime of the adopting parent, inherits from such adopting parent dying intestate. An adopted child is a child within the meaning of the descent laws, and the words in section 332 mean the same as if they had read that the estate shall descend "to his children (either natural-born or adopted), or their descendants."

3. ————: ————: **How Determined.** The rights of the natural child of the adopted child to claim a distributive share in the estate of the adopting parent is not limited solely to the adoption statutes and the deed of adoption, to the exclusion of all rights given by the statutes of descents, but those statutes lay down the general rules of inheritance, and the deed of adoption created the status of the adopted child, or gave to him the status of an heir.

Appeal from St. Louis City Circuit Court.—*Hon. Hugo Muench*, Judge.

REVERSED AND REMANDED.

*Thomas D. Cannon, Moses N. Sale, D. Goldsmith, E. P. McCarthy* and *John A. Burke* for appellant.

(1) The legal status of the child of an adopted child is that of grandchild to the adoptive parent. R. S. 1909, secs. 332, 1671, 1672, 1673; Healey v. Simpson, 113 Mo. 340; Gray v. Holmes, 57 Kan. 217; Power v.

Hafley, 85 Ky. 671; Pace v. Klink, 51 Ga. 220; In re Estate of Walworth, 85 Vt. 322; In re Winchester's Estate, 140 Cal. 468; Harle v. Harle, 166 S. W. (Tex.) 676; Fiske v. Lawton, 124 Minn. 85; Vidal v. Commagere, 13 La. Ann. 516; Note to 118 Am. St. 688; Humphries v. Davis, 100 Ind. 274; Gilliam v. Trust Co., 186 N. Y. 127; 1 Corpus Juris, 1367, p. 1401; 1 R. C. L. 613. (2) The legal status in this State of an adopted child is the same as that of a child born in lawful wedlock with respect to the statute of descent and distribution. R. S. 1909, secs. 332, 1671, 1672, 1673; Fosburg v. Rogers, 114 Mo. 122; Moran v. Stewart, 122 Mo. 299; In re Estate of Moran, 151 Mo. 557; Thomas v. Maloney, 142 Mo. App. 198; Horton v. Troll, 183 Mo. App. 693. (3) The law places no limit upon the age of the child adopted. The child adopted may be over the age of twenty-one years. In re Estate of Moran, 151 Mo. 557.

*McShane & Goodwin* and *Stewart, Bryan & Williams* for respondents; *John M. Goodwin* and *George H. Williams* on brief.

(1) Where one inherits a share in an estate which his deceased parent would have inherited, he inherits not from the latter, but directly from the intestate. Barnum v. Barnum, 119 Mo. 67; Records v. Fields, 155 Mo. 325; Heady v. Crouse, 203 Mo. 119; Wattenbarger v. Payne, 162 Mo. App. 436; Hockaday v. Lynn, 200 Mo. 470. (2) Sec. 332, R. S. 1909, does the same thing for the grandchildren of an intestate that section 546 does for the grandchildren of a testate; the latter makes the child of a deceased parent an original legatee of the grandfather, and the former makes him an heir, taking in his own right directly from the intestate by virtue of their propinquity of blood. Wattenbarger v. Payne, 162 Mo. App. 434; Hockaday v. Lynn, 200 Mo. 470. (3) The right of inheritance is purely statu-

tory, and he who claims a share in the inheritance must point to the law which transmits it to him.  Goldstein v. Hammell, 236 Pa. St. 309; Wattenbarger v. Payne, 162 Mo. App. 440.  (4) The statutes of adoption being in derogation of the common law are strictly construed as against the adopted child.  Hockaday v. Lynn, 200 Mo. 464; Reinders v. Koppelmann, 68 Mo. 482; Clarkson v. Hatton, 143 Mo. 58; Sarazin v. Railroad, 153 Mo. 485; Beach v. Bryan, 155 Mo. App. 50; Furguson v. Jones, 17 Ore. 204; Baker v. Clowser, 43 L. R. A. (N. S.) 1056; Thomas v. Maloney, 142 Mo. App. 197; Van Der Lyn v. Mack, 137 Mich. 146; Phillips v. McConica, 59 Ohio St. 9.  (5) Consanguinity is so fundamental in statutes of descent and distribution that it should only be ignored by construction when courts are forced so to do either by terms of express statute or by inexorable implication.  (6) The general statutes of inheritance are modified and set aside by statutes regulating the effect of adoption, only so far as there is some specific provision in the statutes of adoption inconsistent with the application in such cases of the general inheritance statutes.  Like an invading force upon a hostile domain, the adoption law prevails only so far as its lines extend.  Beyond those limits all remains under the original control.  Baker v. Clowser, 43 L. R. A. (N. S.) 1056; In re Jobson, 164 Cal. 312, 43 L. R. A. (N. S.) 1065; Reinders v. Koppelmann, 68 Mo. 482; Clarkson v. Hatton, 143 Mo. 47.  (7) The Missouri statute of adoption is silent as to the children of adopted children.  Laws 1856-7, p. 59, secs. 1-4; G. S. 1865, p. 478, secs. 1-4; R. S. 1879, secs. 599-602; R. S. 1889; secs. 968-971; R. S. 1899, secs. 5246-5249; R. S. 1909, secs. 1671-1674; Reinders v. Koppelmann, 68 Mo. 496; Beach v. Bryan, 155 Mo. App. 53.  (8) Where the statute is silent, since nothing can be supplied except by inexorable implication, the right of inheritance must be determined by the statutes of descent and distribution

and against the children of the deceased adopted child. Phillip's Estate, 17 Pa. Sup. Ct. 103; Goldstein v. Hammell, 236 Pa. St. 305; Reinders v. Koppelmann, 68 Mo. 482; Hockaday v. Lynn, 200 Mo. 456; Clarkson v. Hatton, 143 Mo. 47; Van Der Lyn v. Mack, 137 Mich. 146; Phillips v. McConica, 59 Ohio St. 9. (9) The adopted child is let into inheritance only for the purpose of preserving in full its right of inheritance from its adopting parent; and the door to inheritance is shut and its bolt shot at that precise point. Hockaday v. Lynn, 200 Mo. 468; Phillip's Estate, 17 Pa. Super. Ct. 103. (10) There is no shooting of bolts as to "kindred" or "relatives by blood" under the statutes of descent and distribution; under those statutes all property of an intestate "shall descend and be distributed to his kindred without end." R. S. 1909, sec. 332. (11) By the act of adoption the child is entitled to inherit, from his adoptive parent as his heir in the degree of a child. Hockaday v. Lynn, 200 Mo. 465. (12) The act of adoption creates a contractual relation between the adopter and adoptive. Reinders v. Koppelmann, 94 Mo. 344; Clarkson v. Hatton, 143 Mo. 58; Hockaday v. Lynn, 200 Mo. 473. (13) And this contractual relation is purely personal to the foster-parent and the child. Helms v. Elliott, 89 Tenn. 446; Merritt v. Morton, 136 S. W. (Ky.) 429; Kettel v. Baxter, 100 N. Y. Supp. 529; Lawson on Contracts, sec. 115. (14) The laws of Missouri recognize two classes of persons to whom rights of inheritance go: (1) Those who are designated as heirs by our statutes of descent and distribution called "heirs at law," "heirs by law" or "right heirs;" (2) those who take as an heir by contract of adoption called "heirs by contract." Both classes are separate and distinct, and heirs by contract of adoption do not partake of any of the rights or attributes of heirs at law, unless the statute authorizing such contracts and the contract itself gives such right.

Reinders v. Koppelmann, 68 Mo. 482, 94 Mo. 338; Clarkson v. Hatton, 143 Mo. 47; Hockaday v. Lynn, 200 Mo. 456.  (15) The adopted child, by the event of the adoption, has itself *ex contractu* the right of inheritance from its adoptive parent, and nothing more. Hockaday v. Lynn, 200 Mo. 473; Thomas v. Maloney, 142 Mo. App. 198.

WILLIAMS, C.—This is a suit to contest the validity of what purports to be the last will and testament of Theresa Bernero, deceased, on the ground of undue influence and unsoundness of mind.  The proceeding was instituted in the circuit court of the city of St. Louis.  Some of the defendants filed a pleading in the nature of a plea in abatement, which alleged that plaintiff would have no interest in the estate of deceased in the event there had been no will and, therefore, he did not have such an interest as to entitle him to bring the suit.  Trial was had by the court which resulted in a judgment finding that plaintiff did not have such an interest in the estate as would entitle him to maintain the action to contest the will.  The plaintiff thereupon duly perfected an appeal to this court.

The facts are undisputed and may be stated, substantially, as follows:

Louis Bernero, Sr., and Theresa Bernero (the alleged testatrix) were husband and wife.  The husband died in August, 1904.  On April 10, 1905, said Theresa Bernero, by deed of adoption, executed and acknowledged as provided by the statutes, adopted Emanuel C. Bernero as her child and heir.  The deed of adoption recites that said Theresa and her husband, in 1880, while in Italy, agreed with the parents of said Emanuel to adopt him and brought him home with them to the city of St. Louis, where he lived with them as their child and as a member of the family, but no deed of adoption was ever recorded as required by the stat-

utes. The deed of adoption further recites that it was made so as to comply with said statutes.

At the time of the deed of adoption, Emanuel Bernero, the adopted child, was twenty-eight years of age. On November 30, 1904, said Emanuel Bernero, the adopted son, married Loraine Thompson, now Loraine T. Bernero, appearing as the curatrix of the plaintiff infant in this suit. There was born of this marriage, on October 14, 1905, Louis Bernero, plaintiff in this case. Emanuel Bernero, the natural father of plaintiff, died in April, 1910, leaving surviving him his widow and his son Louis Bernero, the plaintiff. On July 15, 1911, said Theresa Bernero (alleged testatrix) died in the city of St. Louis. It does not appear that she left any natural children or their descendants surviving her, but that she left surviving her two sisters. After her death, her alleged will, dated June 25, 1910, was admitted to probate by the probate court of the city of St. Louis. The present plaintiff was made beneficiary under the will in the sum of ten thousand dollars. The remainder of her property was left to several different legatees and devisees.

The condensed facts, therefore, appearing from the record, necessary to a determination of the question here raised, are that an adopted child died during the life of his adopting parent and left surviving him a natural child (the plaintiff herein), and, thereafter, the adopting parent died, leaving a will. Plaintiff brings this suit to contest the validity of the will. Defendants raise the issue that plaintiff could not inherit from the adopting parent in the event she died intestate, and that, therefore, plaintiff had not such an interest as would permit him to contest the will. Plaintiff contends that he inherits from the adopting parent of his natural father the same as if his father had been the natural child of the adopting parent.

The question now presented for our review is whether or not the natural child of an **Rights of Heir of Adopted Child.** adopted child shall share in the distribution of the estate of the adopting parent dying intestate, the adopted child having predeceased the adopting parent.

This identical question has never been before the court for determination.

After a careful consideration of the question, we have reached the conclusion that the question should be answered in the affirmative.

The rule, here applicable, and supported by the great weight of authority, is stated in 1 R. C. L. 614, as follows:

"If an adopted child dies during the life of its adopting parent, leaving children, such children are for most, if not for all, purposes regarded as natural grandchildren of the adopting parent, and are entitled to represent their parent and to receive from the estate of his adopting parent what he would have been entitled to receive had he lived until after such parent's death."

To the same effect and directly in point are the following authorities: Gray v. Holmes, 57 Kan. 217; Power v. Hafley, 85 Ky. 671; Pace v. Klink, 51 Ga. 220; In re George Walworth's Estate, 85 Vt. 322; In re Estate of Winchester, 140 Cal. 468; In re Webb's Estate, 95 Atl. 419 (Pennsylvania Supreme Court, not yet officially reported); 1 Corpus Juris, 1402, sec. 137.

It appears that in the majority of the foregoing authorities, the principal argument or reason given in favor of the holdings is that since adoption was a creature of the civil law and unknown to the common law, the courts would look to the civil law for aid in construing the respective statutes; that under the civil law the

children of an adopted child stood in the position of grandchildren of the adopting parent.

In the case of In re Webb's Estate, supra, the reason given in support of the holding was that the word "heir" used in the adoption statute of Pennsylvania, "*ex vi termini,* implies representation" and that, therefore, upon the death of an adopted child her children succeeded to her rights as heir of the adopting parent. Respondent attacks the correctness of the reasoning given as a justification for the holdings in some of the above entitled cases.

Without here undertaking to determine whether the respective reasons given in the authorities cited would be sufficient to sustain a like result in the present case, we will state that we think a sufficient reason can be given in justification of the conclusion reached in the present case without calling to our aid the precepts of the civil law or without relying upon the implication of representation springing from the word "heir" as discussed in the Pennsylvania case.

We have reached the conclusion that, in this State, the natural child of an adopted child (the adopted child having predeceased the adopting parent), inherits from the adopting parent for the following reasons:

Section 1671, Revised Statutes 1909, provides that a person may, by deed, "adopt any child or children as his or her *heir,*" etc. The deed of adoption in the present case was in compliance with that statute. Section 332, Revised Statutes 1909, being one of the statutes of descent of the estate of an intestate, provides, among other things, that the estate "shall descend and be distributed in parcenary to his kindred, male and female, subject to the payment of his debts and the widow's dower, in the following course: First, to his children, *or their descendants,* in equal parts."

It has been held by this court that an adopted child was a child within the meaning of the above

quoted statute on descents. [Fosburgh v. Rogers, 114 Mo. 122, l. c. 133.] And also that an adopted child is a child within the meaning of other sections of the descent laws. [Moran v. Stewart, 122 Mo. 295, l. c. 299.] The above mentioned portion of the statutes on descent as construed, therefore, means the same as if it read: "First, to his children (either natural-born or adopted) or their descendants in equal parts."

Since Emanuel C. Bernero (the adopted child) was the inheriting child of Theresa Bernero (the adopting parent) within the meaning of the foregoing statute of descent, and since Louis Bernero, appellant here, was the blood child and, therefore, unquestionably the descendant of said Emanuel, deceased, we think it inevitably follows that, *under the statute of descent*, Louis is entitled to the said distributive share in said estate in the event said Theresa died intestate.

As we have gathered it, from the briefs and oral argument, respondent's main contention is that the appellant, the blood child of the adopted child, must receive its rights to a distributive share, if any, solely under the deed of adoption executed by his natural father and the adopting parent, and that since the adoption statute makes no provision for the descendants of the adopted child, and since the rights created by the deed of adoption are personal between the contracting parties and not such as extend to other parties, the appellant can receive no share in the estate of the adopting parent. The error of the above position, as it appears to us, is in assuming that the rights of appellant to claim a distributive share in the estate is limited solely to the adoption laws and deed of adoption, to the exclusion of all rights given by the statute on descents.

It was pointed out in the case of Fosburgh v. Rogers, supra, that the statute of descents merely laid down the general rules of inheritance, but did not un-

dertake to accurately define "how the status is to be created which gives the capacity to inherit" (Id. l. c. 133), and that this status might be created elsewhere, as for example, by compliance with the adoption law or the law providing a way for making illegitimate children legitimate. In the present case, appellant, the natural child of the adopted child, does not, in a proper sense, take under the deed of adoption. The deed of adoption created the status of an inheriting child in appellant's father, and the right of appellant to represent his father is given him by the statute of descents, by use of the words, "or their descendants."

So, as in the first instance, it is not necessary to refer to the civil law to ascertain whether an adopted child, in Missouri, is thereby given the right to be an heir—this because the Missouri adoption statute expressly says he is an heir, neither is it necessary, in the second instance, to look to the implication of representation arising from the use of the word "heir" in the adoption statute—this because the statute of descent takes hold of the matter when once the status of an inheriting child is given the adopted child and provides for representation or succession by use of the words "or their descendants."

The fact that the courts of other States have reached the same conclusion as herein reached, but by a different process of reasoning, but strengthens the soundness of the result herein reached. An examination of the adoption laws of the different States cited above, where the question has been discussed, discloses that the rights of an adopted child to inherit from the adopting parent in those States, so far as they affect the point now discussed, are the same, in effect, as the rights of inheritance given the adopted child in Missouri. In none of those States, as well as in Missouri, does either the adoption statutes or the descent statutes expressly say that the natural child of an adopted

·child inherits from the adopting parent, but in each ·case cited the same result has been reached as we have reached in the present case.

We do not consider that anything herein decided ·conflicts in any manner with the ruling in Hockaday v. Lynn, 200 Mo. 456, which held that the adopted child ·does not inherit from the collateral kindred of the ·adopting parent.

The judgment is reversed and the cause remanded. *Roy, C.,* concurs.

PER CURIAM.—The foregoing· opinion by WIL-LIAMS, C., is adopted as the opinion of the court. All the judges concur.