

# In the Missouri Court of Appeals
# Eastern District

<u>DIVISION THREE</u>

|  |  |  |
|---|---|---|
| | ) | No. ED111925 |
| | ) | |
| | ) | Appeal from the Circuit Court |
| IN THE ESTATE OF: MICHALL | ) | of St. Louis County |
| DUNCAN, DECEASED. | ) | Cause No. 22SL-PR02983 |
| | ) | |
| | ) | Honorable Ellen S. Levy |
| | ) | |
| | ) | Filed: April 23, 2024 |

<u>Introduction</u>

This appeal concerns the effect of adoption on a determination of heirship under Section 473.663,[1] when the deceased dies prior to the prospective heir's adoption, but the petition for determination of heirship is filed after the adoption. Rex Duncan, Terry Duncan, and Rick Duncan (collectively, Appellants) appeal the probate court's determination that Respondent Jennifer Duncan Criswell (Criswell) is the heir of the deceased, Michall Duncan (Decedent), who was Criswell's biological father. The probate court concluded Criswell's adoption by her stepfather after Decedent's death does not affect her interest as an heir in the property at issue. Because we find Section 473.663 is clear that the determination of heirship concerns the parties' relationship at the date of

---

[1] All statutory references are to RSMo. Supp. 2022, unless otherwise indicated.

death, and Section 453.090 is clear that adoption moves the adopted person out of his or her biological bloodline forward from the date of adoption but not retroactively, we affirm.

Background

Criswell is the sole biological child of Decedent. Criswell was born in 1973, and Decedent and Criswell's mother divorced in 1979. Decedent died on March 5, 1981, having never remarried and having no other children. After Decedent's death, Criswell's mother remarried, and Criswell's stepfather adopted Criswell in 1982.

At the time of Decedent's death, he was a joint owner of real property (the Property) that had been previously owned by his mother, Criswell's grandmother (Grandmother). Grandmother had transferred ownership of the Property to her four sons, Decedent and Appellants, as tenants in common, in 1980. Grandmother continued to reside at the Property until her death in 2021. Criswell maintained contact with Grandmother over the years until her death.

In 2022, Criswell filed the underlying petition for determination of heirship regarding the Property. Appellants moved to dismiss, arguing *inter alia* that Criswell's adoption by her stepfather removed her from Decedent's bloodline pursuant to Section 453.090, that Appellants have acquired any interest Decedent had in the Property through adverse possession, and that Criswell's petition for determination of heirship is time-barred.

After a hearing, the probate court found that at the time of Decedent's death, he owned an undivided one-fourth interest in the Property. Additionally, the probate court found the statutory prerequisites for determining heirship under Section 473.663 were satisfied: no administration had been commenced for Decedent's estate and no will had

been presented for probate. The probate court further found Criswell was Decedent's sole heir at the time of his death, and therefore she has a 100-percent interest in Decedent's interest in the Property. The probate court determined that Criswell's adoption by her stepfather occurred after Decedent's death, and as such, it does not affect the finding of heirship at the time of Decedent's death. Finally, the probate court noted the limited nature of the proceeding for determination of heirship and concluded Appellants' argument regarding adverse possession of the Property was not properly before it. This appeal follows.

## Standard of Review

Because the facts are not in dispute and this appeal involves only questions of statutory interpretation, our review is *de novo.* In re Brockmire, 424 S.W.3d 445, 446-47 (Mo. banc 2014). "The primary rule in statutory construction is to ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider the words in their plain and ordinary meaning." Nelson v. Crane, 187 S.W.3d 868, 869-70 (Mo. banc 2006).

## Discussion

Appellants raise four points on appeal. In Point I, Appellants argue the probate court misinterpreted Section 453.090, the adoption statute, which they argue removes any possibility that Criswell could be Decedent's heir by virtue of the fact she has been adopted out of Decedent's bloodline. In Point II, Appellants argue that the probate court misinterpreted Section 473.663, regarding determination of heirship, by interpreting the statute to negate the consequences of adoption. As these points concern the interplay between Sections 453.090 and 473.663 under the circumstances of this particular case, we

3

discuss them together. In Point III, Appellants argue the probate court erred in failing to determine that Criswell's petition for determination of heirship was time-barred. Finally, in Point IV, Appellants argue the probate court erred in finding Criswell has an interest in the Property because Appellants have secured title to the Property through adverse possession.

Points I and II

Appellants argue the probate court erroneously interpreted both Section 453.090 and Section 473.663 to find heirship here. They argue that Section 453.090 removed Criswell from Decedent's bloodline, thus she cannot be his heir. They further argue that the trial court erroneously applied Section 473.663 to negate the effect of Criswell's adoption. We disagree. Under the circumstances here, specifically the fact that Criswell's adoption occurred *after* Decedent's death, the probate court did not err in finding Criswell was Decedent's heir at the time of his death and that her subsequent adoption does not affect her status as Decedent's heir.

Section 453.090 provides the following:

> When a child is adopted in accordance with the provisions of this chapter, all legal relationships and all rights and duties between such child and his natural parents . . . shall cease and determine. Such child shall thereafter be deemed and held to be for every purpose the child of his [or her] parent or parents by adoption, as fully as though born to him or them in lawful wedlock.

Section 453.090.1. Thus, a child's relationship as a child and all attendant rights regarding his or her biological parents, including the right of heirship, cease when that child is adopted. Accordingly, Section 453.090 provides that an adopted child gains instead the right as an heir of his or her adopted parents. Section 453.090.4 ("The adopted child shall

4

be capable of inheriting from and taking through his parent or parents by adoption property limited expressly to heirs of the body of such parent or parents by adoption"). Appellants argue this statute therefore operates to remove all rights of heirship regarding biological parents, even those existing prior to adoption, because the adopted child is now essentially part of the bloodline of his or her adopted parents. See Brockmire, 424 S.W.3d at 449 (adopted child leaves old bloodline completely and joins new bloodline for purposes of intestate succession).

However, the plain language of Section 453.090.1 establishes the effective date of such transfer of bloodline in its opening phrase: "[w]hen a child is adopted." It is at that moment that such prior rights cease, and the child is "*thereafter*" deemed within the bloodline of his or her adoptive parents. Section 453.090.1 (emphasis added). Nothing in Section 453.090 purports to remove a child's rights related to his or her biological parents that existed *prior to* adoption.[2] Moreover, no Missouri court has applied Section 453.090 to retroactively remove a child's status as heir of a deceased relative that existed prior to adoption.

Decedent died in 1981, prior to Criswell's adoption in 1982. While there is no doubt that Criswell ceased to be considered a child of Decedent upon her adoption, a person's heirs are established at the time of his or her death. See Brockmire, 424 S.W.3d at 449 (quoting Wass v. Hammontree, 77 S.W.2d 1006, 1010 (Mo. 1934)) (noting principle that "no one is an heir to the living and the living have no heirs in a legal sense," thus heirs gain interest in property only at death of owner). Consequently, a request for determination of heirship under Section 473.663 seeks to "determine the heirs of the decedent *at the date*

---

[2] Similarly, nothing in Section 453.090.4 purports to permit an adopted child to inherit as an heir from someone in the adopted bloodline who died prior to the child's adoption.

5

*of the decedent's death* and their respective interests or interests as heirs in the estate."
Section 473.663.1 (emphasis added).

Appellants argue that though heirship is determined at death, it is ineffective until determined by judicial application, and at the time of Criswell's application, she was not in the bloodline of Decedent. Appellants misstate the law. Under the plain language of Section 473.663.1, the relevant moment of determination of heirship is the date of the owner's death, not the date of the petitioner's application for determination of heirship. Thus, a person does not move in or out of heirship depending on circumstances that predate or follow the date of the owner's death, but heirship is either established or denied based solely upon the person's relationship to the decedent on the date of the decedent's death.[3] There is nothing in the plain language of either Section 453.090.1 or Section 473.663.1 that purports to remove heirship from a person based on a subsequent adoption. All of Appellants' cited authority concerns persons attempting to inherit from their biological relatives who died *after* such relationship had been severed by adoption, and therefore such authority is inapplicable here.

Appellants concede that, given Criswell's status as a minor at the time of Decedent's death, had anyone attempted to claim Decedent's property on Criswell's behalf prior to her adoption, she would have been entitled to it at that time. But Appellants now argue that because no one did so on Criswell's behalf at the time, she lost all rights to it. Such a result finds no support in the language of Section 473.663.1, and in fact undermines the statute's purpose, which "evidences the Legislature's recognition that circumstances can arise where, for whatever reason, a decedent's heirs and their interests in the decedent's

---

[3] We note Section 474.015 also requires any heir for purposes of intestate succession to survive the decedent by 120 hours. Section 474.015.1.

6

property must be determined after the time permitted for opening a decedent's estate."[4] Estate of Wright, 950 S.W.2d 530, 533 (Mo. App. W.D. 1997). Such circumstances present in this case include an heir who is a minor at the time of the decedent's death, changing family dynamics due to divorce, and the family's decision that Grandmother would be able to stay in her home for the remainder of her life. Any of these circumstances could have caused an understandable delay in determining Criswell's interest in Decedent's property, which the Legislature accounted for within the plain language of Section 473.663.

The probate court correctly interpreted and applied both statutes to find that Criswell was in Decedent's bloodline at the time of his death and, under the circumstances here, was his sole heir. Points denied.

## Point III

Appellants argue alternatively that, even if Criswell were permitted to bring this action after her adoption, the probate court erred in failing to apply the five-year statute of limitations in Section 516.120 to Criswell's petition for determination of heirship, which had run even accounting for tolling due to the fact that Criswell was a minor when Decedent died. We disagree.

---

[4] Further, at the time of Decedent's death in 1981, Section 473.070.1 provided for commencement of administration of an estate within three years of a decedent's death, and Section 473.663.1 provided for a determination of heirship where no administration of a will had commenced within three years of the decedent's death, rather than the current one year. Under Appellants' interpretations of these statutes, Section 473.663.1 was altogether unavailable to Criswell, and Criswell's opportunity for commencing administration of Decedent's estate extinguished upon her adoption, cutting short the then-applicable three-year period. This was clearly not intended by the Legislature, which drafted Section 473.070.1 and Section 473.663 to be consistent and complementary, accounting for situations where heirs must be determined after the time for opening an estate has passed. See Estate of Wright, 950 S.W.2d 530, 532 n.6 (Mo. App. W.D. 1997). The complementary nature of the one-year time limitation for commencement of administration of an estate and the ability to pursue a determination of heirship after one year remains, though they are now codified in Section 473.050.6 and the current version of Section 473.663.1, respectively.

Section 516.120 assigns a five-year limitations period to certain enumerated civil actions.[5]  Appellants do not specify which of the enumerated actions in Section 516.120 they believe includes a petition for determination of heirship, but such action is not expressly listed in Section 516.120.  Conversely, Section 516.300 states, "[t]he provisions of sections 516.010 to 516.370 shall not extend to any action which is or shall be limited by any statute, but such action shall be brought within the time limited by such statute."

While Section 473.663 does not specify an outer limit to the time period in which a petitioner can seek a declaration of heirship, it does contain its own time limitation: the time period for commencing administration of a decedent's estate must have passed before a person can seek a declaration of heirship under this section.  See Estate of Wright, 950 S.W.2d at 532-33 (noting Section 473.663 is complementary to statute providing time limitations for administration of estates).  Given the plain language of Section 473.663.1, petitioners seeking a declaration of heirship may therefore apply at any time thereafter. White v. Emmanuel Baptist Church, 519 S.W.3d 917, 923-24 (Mo. App. W.D. 2017) (noting "any heirs asserting inheritance of property from the decedent may apply at any time after that first year for the formal recognition of ownership of the property pursuant to 473.663").

---

[5] Section 516.120 states the following actions shall be brought within five years:

    (1)  All actions upon contracts, obligations or liabilities, express or implied, except those mentioned in section 516.110, and except upon judgments or decrees of a court of record, and except where a different time is herein limited;

    (2)  An action upon a liability created by a statute other than a penalty or forfeiture;

    (3)  An action for trespass on real estate;

    (4)  An action for taking, detaining or injuring any goods or chattels, including actions for the recovery of specific personal property, or for any other injury to the person or rights of another, not arising on contract and not herein otherwise enumerated;

    (5)  An action for relief on the ground of fraud, the cause of action in such case to be deemed not to have accrued until the discovery by the aggrieved party, at any time within ten years, of the facts constituting the fraud.

Section 473.663 has always contained this time limitation, though the amount of time has changed over the years. In the initial version of Section 473.663, enacted in 1955, "the statutory period was five years from death, because at that time an estate could be opened within five years of death." Heidbreder v. Tambke, 284 S.W.3d 740, 743 n.2 (Mo. App. W.D. 2009); see also Estate of Wright, 950 S.W.2d at 532 n.6 (later version of statute "provided that administration could be commenced within three years of the decedent's death, and Section 473.663 authorized an action to determine heirship only where no administration had been commenced within three years"). If the five-year limitations period of Section 516.120, enacted in 1939, did apply to petitions under Section 473.663, no petition could have been brought under that section because petitioners at that time had to wait five years from the decedent's death. See Heidbreder, 284 S.W.3d at 743 n.2. We presume the General Assembly did not intend such a result. See Missouri ex rel. Bouchard v. Grady, 86 S.W.3d 121, 123 (Mo. App. E.D. 2002) (we presume the legislature did not intend a meaningless act).

Though the current version of Section 473.663.1 has shortened the waiting period to one year, which corresponds to the one-year time period in which to open administration of an estate under Section 473.050.6, any limitations period in Chapter 516 would allow a petition for determination of heirship to be brought during the first year following a decedent's death, which puts it in direct conflict with Section 473.663.1. Section 473.663.1 currently contains its own time limitation regarding petitions for determination of heirship to at least one year following the death of the decedent, thus Section 516.300 applies, and no other statute of limitation in chapter 516 may extend to such petitions. The probate

9

court did not err in failing to apply a statute of limitations pursuant to Chapter 516. Point denied.

## Point IV

Appellants argue the probate court's order determining Criswell is Decedent's heir improperly divested title to the Property from Appellants, which Appellants had gained through adverse possession. We disagree.

As discussed above, a determination of heirship is limited in scope to declaring who was in relationship with a decedent, sufficient to constitute an heir, on the date of the decedent's death. Section 473.663.4 then requires the court to determine the interests of such heirs to the property at issue in the petition. Section 473.663.4 ("Upon the hearing of the petition, the court shall make a decree determining the person or persons entitled to the property with respect to which a determination is sought, and their respective interest in the property as heirs"). The statute does not direct the court to assign title to any property as a result, nor did the probate court do so here. Rather, the court's limited purpose was to determine whether Criswell had any interest in the Property titled in Decedent's name at the time of Decedent's death. Whether title to the Property has since changed hands, through adverse possession or otherwise, or in whom title to the Property should currently be vested based on any number of circumstances or doctrines of property law, were not issues before the probate court in this matter. The probate court properly declined to consider them here. Point denied.

## Conclusion

The probate court correctly interpreted and applied Sections 473.663 and 453.090 to find that Criswell is the heir of Decedent as it relates to the Property, and her adoption

10

following Decedent's death did not affect her heirship. The only time limit regarding a petition to determine heirship is found in Section 473.663.1, and the probate court did not err in declining to apply Section 516.120 to find Criswell's suit was time-barred. Finally, the probate court properly declined to consider Appellants' argument regarding adverse possession as outside the scope of the petition under Section 473.663. We affirm the judgment of the probate court.

_____
Gary M. Gaertner, Jr., J.

Lisa P. Page, P.J., and
Angela T. Quigless, J., concur.

11